UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

Bradley D. Gardner (SBN: 011211)
bdg@udallshumway.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Amber Smith, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | **(Jury Trial Demanded)** |
| IRunGuns, LLC, an Arizona limited liability company; Jason Lane and Carolyn Lane; The Jason Todd Lane Living Trust dated 2/1/2022, | |
| Defendants. | |

Plaintiff Amber Smith ("Plaintiff"), by and through undersigned counsel, alleges the following facts and claims against Defendants IRunGuns, LLC ("IRunGuns"), Jason and Carolyn Lane, and The Jason Todd Lane Living Trust dated 2/1/2022, demands a trial by jury pursuant to the Federal Rules of Civil Procedure, Rules of Civil Procedure, Rule 3, 7(a)1, 8(a) and 38(a) and (b).

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case under 28 U.S.C. §1331.

2. Venue is proper in this District under 28 U.S.C. §1391 as most or all of the acts alleged herein occurred within the geographic region covered by this District of Arizona.

3. Plaintiff alleges that Defendant is legally responsible for the acts and/or omissions giving rise to this cause of action and is legally and proximately responsible for damages as alleged herein.

## PARTIES

4. Plaintiff is a citizen of the United States of America residing in Mohave County, Arizona.

5. Plaintiff was a non-exempt employee of IRunGuns from January 2015 until November 11, 2020.

6. Plaintiff was employed at an office assistant.

7. Plaintiff was compensated at an hourly rate at of $17.75 per hour.

8. Plaintiff was a non-exempt employee entitled to overtime under the FLSA.

9. Upon information and belief, IRunGuns is an Arizona limited liability company authorized to do business in the State of Arizona and operates its firearms and ammunition importer/exporter business in the State of Arizona.

10. IRunGuns, by and through its agents and employees, set Plaintiff's compensation and controlled her employment and the employment policies applicable for her, including compensation practices and the decision to terminate Plaintiff's employment.

11. Defendant Jason Lane is President and owner of IRunGuns. As an owner of IRunGuns, Defendant Jason Lane set employment policies for IRunGuns, including but not limited to implementing policies regarding the amount and manner of

compensation for employees like Plaintiff. Defendant Jason Lane exercises control over IRunGuns operations, and he has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there. Defendant Jason Lane is an employer under the FLSA and Arizona Law.

12. Upon information and belief, Defendant Carolyn Lane is the manager of IRunGuns. As a manager, Defendant Carolyn Lane set employment policies for IRunGuns, including but not limited to implementing policies regarding the amount and manner of compensation for employees like Plaintiff. Defendant Carolyn Lane exercises control over IRunGuns operations, and she has the authority to hire and fire employees, determine wages, and establish and implement policies affecting significant aspects of the business's day-to-day functions and the decisions impacting the employees who work there. Defendant Carolyn Lane is an employer under the FLSA and Arizona Law.

13. Defendant The Jason Todd Lane Living Trust dated 2/1/2022 is a member of IRunGuns. The Jason Todd Lane Living Trust dated 2/1/2022, acting through its Trustee, Defendant Jason Lane, is a trust with essentially all relevant ties to the State of Arizona.

14. Defendants Jason Lane and Carolyn Lane were at all times persons responsible for determining the method and rate of Plaintiff's payment of wages and made decisions affecting the policies directing Plaintiff's employment at IRunGuns. As persons who acted in the interest of IRunGuns in relation to the company's employees,

Defendants Jason Lane and Carolyn Lane are subject to individual liability under the FLSA.

15. Upon information and belief, Defendants Jason Lane and Carolyn Lane are husband and wife and they have caused events to take place giving rise to this complaint for which their marital community is fully liable.

16. At all relevant times, Defendants were an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), A.R.S. § 23-371(G), and a "person" under 29 U.S.C. §§ 215(a) and 203(a).

## GENERAL ALLEGATIONS

17. Plaintiff realleges the aforementioned paragraphs as if fully set forth herein.

18. Plaintiff began her employment with Defendant in 2015 as an office assistant.

19. During her tenure as an office assistant at IRunGuns, Plaintiff was scheduled to work from 7:30 in the morning until 5 in the evening for five days during the typical work week.

20. Plaintiff's performed job duties that included, but were not limited to taking care of the office, payroll, filing documents and permits, managing all firearms, and working with brokers.

21. Plaintiff was required to clock in and out on the company's timekeeping system.

4

22. Plaintiff was routinely required to work past the conclusion of her shift, working additional time to finish her office duties.

23. Plaintiff routinely worked past the conclusion of her shift at least three times per week during a typical work week.

24. Plaintiff was only paid straight time for any hours worked overtime in a workday.

25. Occasionally Plaintiff would have to work on the weekends.

26. Plaintiff routinely worked through her lunches.

27. Plaintiff went to the company's location in Canada on multiple occasions which she was only paid straight time.

28. In the Summer of 2020, Plaintiff worked ten Saturdays in a row.

29. This resulted in Plaintiff having to work off the clock without compensation during pay periods.

30. Employees did not have to clock out for lunch so long as they stayed on site.

31. IRunGuns has a written policy which states that it does not pay out overtime.

32. Rather than pay overtime, IRunGuns implemented a commission opportunity.

33. Plaintiff was paid 2% commission for each sales transaction she made.

34. At the time of Plaintiff's employment, IRunGuns was utilizing Bluewater Accounting and Tax Service to process payroll.

5

35. Defendants unpaid wage practices of requiring Plaintiff to work off the clock were routine and consistent.

36. On November 11, 2020, Defendant terminated Plaintiff due to poor work performance.

37. On January 28, 2021, Plaintiff filed a wage complaint with the U.S. Department of Labor ("DOL") for unpaid overtime wages.

38. The DOL conducted a detailed investigation into Plaintiff's employment from July 31, 2018 to July 30, 2021.

39. The DOL determined that Defendants were in violation of failing to pay overtime wages. If fact, it was determined that Defendants were paying employees straight time for all hours worked in excess for 40 in the workweek.

40. Through its investigation, the DOL determined that Defendants' accountant, at one time or another, had advised Defendant Jason Lane that he was required to pay employees for all overtime hours worked.

41. The DOL determined that Defendants were in violation of Section 207, and found a total of six employees, including Plaintiff, to be due and owing wages.

42. The DOL determined that Defendants owed Plaintiff a total of $6,435.55 in overtime wages.

43. On March 3, 2021, a telephone conference was held with DOL and Defendant Jason Lane and his accountant to discuss DOL's findings.

44. Defendant Jason Lane refused to acknowledge DOL's findings and refused to negotiate a settlement with DOL.

6

45. On November 19, 2021, Plaintiff had the law firm of David Miles McGuire Gardner issued a demand letter to Defendants for payment.

46. Plaintiff received a response on December 17, 2021, accusing Plaintiff of retaliating against the company for terminating her employment.

47. Defendants have wrongfully withheld wages from Plaintiff by failing to pay wages due to Plaintiff for overtime wages Plaintiff worked.

48. Defendants unpaid wage practices of requiring Plaintiff to work off the clock were routine and consistent.

49. To date, Defendants have failed and refused to pay Plaintiff her rightfully owed and legally required overtime wages due and in accordance with the FLSA.

50. IRunGuns paid Plaintiff on an hourly basis and she is entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq.*

51. At all relevant times, IRunGuns has been, and continue to be, subject to the overtime provisions of the FLSA because their employees are engaged in interstate commerce and IRunGuns has annual revenue in excess of $500,000.

52. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

53. IRunGuns was an employer pursuant to 29 U.S.C. § 203(d).

54. IRunGuns failed to comply with 29 U.S.C. § 207 because Plaintiff worked in excess of forty hours per week, but IRunGuns failed to pay her for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

55. The work was performed at the direction of IRunGuns and with IRunGuns' knowledge.

56. IRunGuns willfully violated the FLSA by failing to pay Plaintiff all overtime wages accrued beyond forty hours in a workweek.

57. IRunGuns failed to keep accurate records of Plaintiff's hours as required by the FLSA.

58. IRunGuns has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

59. As a result of the willful violations of the FLSA's overtime provisions, IRunGuns has unlawfully withheld overtime wages from Plaintiff. Accordingly, IRunGuns is liable to Plaintiff for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For the Court to grant a declaratory judgment against Defendants and find that Defendants violated provisions of the FLSA, 29 U.S.C. § 207 *et seq.*, by failing to pay overtime wages;

B. For the Court to award Plaintiff compensatory and liquidated damages under 29 U.S.C. § 216(b) and attorneys' fees and costs;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

8

      D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

      E.     For the Court to award reasonable attorneys' fees and costs under the FLSA and Arizona law;

      F.     For the Court to award pre-and-post judgment interest;

      G.     For the Court to award Plaintiff all other relief just and appropriate under the circumstances.

## Demand for Jury Trial

Pursuant to the Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury.

**DATED:** May 26, 2022.

                              **UDALL SHUMWAY PLC**

                              By: /s/ Bradley D. Gardner
                                   Bradley D. Gardner, Esq.
                                   1138 North Alma School Road, Suite 101
                                   Mesa, Arizona 85201
                                   *Attorneys for Plaintiff*

6305137.1/13402.1916